UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EUGENE PRICE,<br><br>        Petitioner,<br><br>    v.<br><br>THE PEOPLE,<br><br>        Respondent. | No. 2:24-cv-03418-TLN-CKD<br><br>**ORDER** |

       This matter is before the Court on Petitioner Eugene Price's ("Petitioner") "objections" to the assigned magistrate judge's findings and recommendations in this closed habeas action. (ECF No. 15.) The Court construes this request as a motion to reconsider its prior order. For the reasons set forth below, the Court DENIES Petitioner's motion.

       Petitioner filed this habeas action on December 9, 2024. (ECF No. 1.) On February 3, 2025, the assigned magistrate judge made findings and recommendations to summarily dismiss the petition because Petitioner was complaining about the representation of his then-current counsel on direct appeal rather than asserting any grounds upon which the court could grant habeas relief. (ECF No. 8 at 1–2.) The findings and recommendations contained notice that any objections were to be filed within fourteen (14) days. (*Id.* at 2.) The undersigned adopted these

1    findings and recommendations in full and judgment was entered on March 31, 2025.  (ECF Nos.
2    12, 13.)  In so doing, this Court dismissed Petitioner's writ of habeas corpus and declined to issue
3    the certificate of appealability referenced in 28 U.S.C. § 2253.  (ECF No. 12.)  On August 12,
4    2025, Petitioner filed the instant motion asking for his case to be reinstated.  (ECF No. 15 at 1.)
5    Petitioner claimed his mail had been delayed because he was transferred from High Desert State
6    Prison to Los Angeles County (Lancaster) and the prison staff knew about his lawsuit.  (*Id.*)
7    Additionally, Petitioner noted his prior counsel had been removed and he had been appointed new
8    counsel.  (*Id.*)

9         Federal Rule of Civil Procedure ("Rule") 60(b) allows a district court to relieve a party
10   from a final judgment or order for "any [] reason that justifies relief."  Fed. R. Civ. P. 60(b)(6).
11   The moving party must demonstrate "extraordinary circumstances justifying the reopening of a
12   final judgment."  *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005).  However, Rule 60(b)(6) "is to
13   be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only
14   where extraordinary circumstances prevented a party from taking timely action to prevent or
15   correct an erroneous judgment."  *Harvest v. Castro*, 531 F.3d 737, 749 (9th Cir. 2008) (internal
16   citation omitted).  The moving party "must demonstrate both injury and circumstances beyond his
17   control[.]"  *Id.*  Additionally, Local Rule 230(j) requires a motion for reconsideration to state,
18   "what new or different facts or circumstances are claimed to exist which did not exist or were not
19   shown upon such prior motion, or what other grounds exist for the motion" and "why the facts or
20   circumstances were not shown at the time of the prior motion."  E.D. Cal. L.R. 230(j)(3)–(4).

21        Here, Petitioner has failed to demonstrate he is entitled to relief under Rule 60(b).
22   Petitioner's case was dismissed because his complaints about representation were not grounds
23   upon which the Court could grant habeas relief.  As previously explained, this is an improper
24   habeas petition.  The fact Petitioner received new counsel or the fact he was transferred does not
25   justify reopening this case under these circumstances.

26        Accordingly, Petitioner's motion (ECF No. 15) is DENIED.  Petitioner is advised that
27   other documents filed by him in this case since the closing date will be disregarded and no
28   additional orders will issue.

IT IS SO ORDERED.

Date: October 24, 2025

_____
TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE

3